UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAST MOTION, INC.,<br>a California corporation,<br><br>                          Plaintiff,<br><br>v.<br><br>ZEPP LABS, INC.,<br>a Delaware corporation,<br><br>                          Defendant. | Case No.: 3:15-cv-00700-JLS-NLS<br><br>**ORDER DETERMINING JOINT MOTION FOR DISCOVERY DISPUTE NO. 2**<br><br>(Dkt. No. 41) |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute No. 2. Defendant Zepp Labs, Inc. ("Zepp") requests the Court to order Plaintiff Blast Motion, Inc. ("Blast Motion") to provide further responses to Interrogatory Numbers 16 and 17. Blast Motion opposes. For the reasons explained below, the Court **GRANTS** Zepp's request to compel further responses to these interrogatories.

## I.   Relevant Background

The parties are in the discovery phase of this patent infringement action. On October 22, 2015, Zepp served interrogatories to Blast Motion. On November 25, 2015, Blast Motion served its objections and responses. At issue are Interrogatory Numbers 16

1  and 17.  Zepp's Interrogatory No. 16 states: "For each limitation of each asserted claim
2  identified in Section VI of Your Disclosure of Asserted Claims and Infringement
3  Contentions … provide a chart that identifies the section, by column and line number,
4  from the earliest filed patent application which You contend supports and/or describes the
5  subject matter disclosed in the limitation."  (Dkt. No. 41 at 2.)  Blast Motion asserted a
6  number of objections and responded by referring to each patent or patent application
7  related to its asserted patents.  (Id. at 3.)

     Zepp's Interrogatory No. 17 states: "For each version of the Accused Blast Motion Products identified in Section VII of Your Disclosure of Asserted Claims and Infringement Contentions … provide a claim chart that identifies which features or functionalities of the product practices or embodies each of the limitations of each asserted claim of the Blast Motion Asserted Patents."  (Dkt. No. 41 at 3.)  Blast Motion asserted a number of objections and responded by referring to each of its asserted patents and the publicly available Blast Motion products.  (Id.)

     Zepp contends Blast Motion's responses are insufficient because Blast Motion knows the basis for its assertion of priority dates and how its products practice each limitation of its asserted patents.  Blast Motion contends its responses are sufficient, and Zepp's requests for further information are premature and overly burdensome.  The parties met and conferred and were unable to resolve the dispute, and thus sought judicial intervention.

**II.   Discussion**

     Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 33(a)(2) pertains to interrogatories that seek an opinion or contention related to the facts or the legal application of those facts. This Rule provides that an "interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Rule 33(d) provides that a party has the option to answer an interrogatory by specifying records "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records …, and if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). With these standards in mind, the Court turns to the substance of the parties' dispute.

### 1. Interrogatory No. 16

Zepp seeks information from Blast Motion about what disclosures in earlier patent applications support Blast Motion's claim to a priority date of August 26, 2010 for each of the five patents-in-suit. Information about whether Blast Motion is entitled to the claimed priority date is an important threshold issue because it will determine which references qualify as prior art. *McKesson Info. Solutions v. Epic Sys.*, 242 F.R.D. 689, 691-92 (N.D. Ga. 2007).

Zepp contends Blast Motion's response is insufficient because Blast Motion has the burden to supports its entitlement to a priority date. Zepp contends this is particularly so because Zepp identified 24 prior art references between August 26, 2010 and September 8, 2014. Zepp avers these references render Blast Motion's patents invalid unless Blast Motion can prove it is entitled to the earlier priority date. Zepp also argues Blast Motion cannot rely on Rule 33(d) to simply reference certain documents in response because only Blast Motion is familiar with its basis for asserting the later filed

continuation-in-part patents have an August 26, 2010 priority date, and therefore the burden is uneven.  (Dkt. No. 51 at 6-7, *citing Mancini v. Ins. Corp.*, 2009 US Dist. LEXIS 51321, *9 (S.D. Cal. June 18, 2009); *Laryngeal Mask Co. v. AMBU A/S*, 2009 U.S. Dist. Lexis 133152, *5 (S.D. Cal. Feb. 13, 2009).  Zepp also contends the request is not overly burdensome to Blast Motion because it must have already done the work to ascertain the basis for asserting its entitlement to the claimed priority date.

Blast Motion contends its response is sufficient because it provided the priority date as well as the basis for it by referring to the particular patent applications.  In support, Blast Motion points to its infringement contentions responses that provided information regarding priority dates per Patent Local Rule 3.1(f).  Blast Motion also contends it is not absolutely required to prove priority because Zepp must first come forward with invaliding prior art to prove invalidity.  If Zepp does so, then Blast Motion must then show the prior art does not actually invalidate the patent or is not prior art because the asserted claim is entitled to an earlier priority date.  (Dkt. No. 41 at 12.)

As explained below, the Court concludes Zepp has demonstrated the information sought is relevant and proportional to the needs of the case, and that Blast Motion's objections are not justified.  While Zepp may first need to come forward with invalidating art, and even though Blast Motion can show the prior art either does not invalidate the patent or that it is not prior art because the claim is entitled to an earlier priority date, this does not affect Zepp's right to discover this information.  *See generally, McKesson Info. Solutions v. Epic Sys. Corp.*, 242 F.R.D. 689, 692 (N.D. Ga. 2007) ("Nowhere in the Federal Rules of Civil Procedure is it required that a party who carries the ultimate burden on an issue at trial must establish a *prima facie* case before it is entitled to discover information the other party may use to rebut the *prima facie* case.  Quite the opposite, the rules contemplate that a party receive this information up front, during discovery, so that when the time comes to discharge its burden it has the ammunition necessary to do so.")  Because discovery as to the priority date is relevant to Zepp's defense and its assessment of prior art, and because the Federal Rules do not

restrict the scope of discovery based on which party bears the burden of establishing an issue in later proceedings, the Court finds Zepp's request both relevant and proportional to the needs of the case.

Thus, the parties' dispute hinges on whether the discovery sought is premature and unduly burdensome. The Court first notes that Zepp's reliance on the Court's prior orders in *Mancini* and *Laryngeal* regarding burden do not shed much light here because those cases presented dissimilar circumstances. Indeed, Blast Motion appropriately distinguished those cases. (Dkt. No. 41 at 11-12 (*Mancini* and *Laryngeal* distinguishable because Blast Motion did not rely on entire universe of documents or numerous cited documents; rather, Blast Motion cites to its patents and patent applications.))

Blast Motion points to a recent case out of a Virginia district court, *Univ. of Va. Patent Found. v. Gen. Elec.*, 2015 WL 4878880 (W.D. Va. Aug. 14, 2015) for its contention that the request is premature and overly burdensome. In that case, invalidity contentions had not yet been served, and the court found the claims were many more than will actually be contested at the close of discovery and more than contested after defendant submitted its invalidity contentions. *Id.* at *4. The court reasoned that a contention interrogatory seeking priority date discovery was not fundamentally improper, but that the interrogatory was premature and burdensome in light of the status of the litigation. *Id.* at *4-5. In contrast here, this case is further along in the discovery process. Blast Motion and Zepp have served their infringement contentions, invalidity contentions, and their amended invalidity contentions, and claims construction will occur in less than two months.

The circumstances presented here are more akin to a recent case from this District, *Odyssey Wireless v. Apple*, where the court compelled further responses to a contention interrogatory regarding priority date discovery. *Id.*, 15cv1735-H (RBB). In *Odyssey Wireless*, the defendants moved the court to compel further responses to interrogatories, including a contention interrogatory that sought the basis for the plaintiff's claim it was entitled to the filing date of the first provisional application. The parties in *Odyssey* were

in a similar posture to this case – i.e., the parties had served their infringement and invalidity contentions, and were nearing claims construction at the time the court ruled on the defendants' motion to compel. (Dkt. No. 137 at 6-7.) The District Judge, although acknowledging *University of Virginia,* granted the defendants' motion to compel further responses. (Dkt. No. 139, Dkt. No. 140 at 19.) The court reasoned that the plaintiff needed to provide the facts to support its claim to priority and it is fair for the defendants to know how the plaintiff claims priority. (Dkt. No. 140 at 7, 20.) The court further reasoned that this District is a "lay all the cards on the table" District as evidenced by the Local Rules, so that everyone has information up front. (Id. at 12.) The court also determined this to be helpful so the parties are not pushing off responses to these interrogatories, which would be useful for all parties to properly evaluate the case, until the expert reports at nearly the end of discovery when the parties are preparing to file their dispositive motions and preparing for trial. (Id.) This Court finds the District Judge's analysis in *Odyssey* persuasive. Accordingly, this Court concludes Zepp's interrogatories are neither premature nor unduly burdensome and further responses are warranted.

Accordingly, the Court **GRANTS** Zepp's request to compel a further response to Interrogatory No. 16. To the extent Blast Motion prefers to prepare its response in a format other than chart form, it may do so. The Court further encourages the parties to confer about potentially limiting the number of asserted claims and prior art references at this juncture.

### 2. Interrogatory No. 17

Zepp asks Blast Motion to identify how its products embody its asserted patent limitations. Zepp contends Blast Motion has greater access to its inventors and developers of its products, and so Zepp faces a "substantially greater" burden to determine how Blast Motion's own products embody the claims of Blast Motion's patents. (Dkt. No. 41 at 8-9.) Zepp also contends it needs this information because Blast Motion seeks permanent injunctive relief and will need to prove it practices the asserted

patents and suffers irreparable harm.  Thus, Zepp argues, it wants to know the basis for Blast Motion's assertion that its products embody its asserted claims.  (Dkt. No. 41 at 9.)

In its response to the interrogatory, Blast Motion referred to the patents themselves and to publicly available Blast Motion products under Rule 33(d).  Blast Motion argues it is not required to provide any further response because it is unnecessarily burdensome.  Blast Motion argues Zepp can understand Blast Motion's positions based on the information already given and many of its claim limitations are not highly technical such that Zepp should be able to ascertain the information itself.  (Dkt. No. 41 at 15.)

The Court concludes the case law Zepp cited, *Fresenius Medical Care Holding Inc. v. Baxter Intern., Inc*., supports its argument that it is entitled to further response to this interrogatory.  *Id.,* 224 F.R.D. 644, 650 (N.D. Cal. 2004).[1]  In *Fresenius Medical Care*, the court granted a motion to compel further responses as to dates of conception and reduction to practice of each asserted patent claim.  The *Fresenius* court found that the responding party's reliance on Rule 33(d) by referencing documents was inadequate because the burden of deriving an answer was not substantially the same for both parties.  Rather, the burden was lower for the responding party because it had access to its own inventors and developers of its products.  *Id*, 224 F.R.D. at 650.  So too here.  Blast Motion nonetheless contends *Fresenius* is distinguishable because there the request was tailored to a discrete issue for which the plaintiff had exclusive control.  This Court does not interpret *Fresenius* so narrowly, and Blast Motion does not explain how the discovery request considered in that case could be interpreted so narrowly.

Additionally, it makes little economic sense for Zepp to reverse engineer the products in an effort to determine how Blast Motion claims its own products practice the claims of the asserted patents.  Certainly, the information is uniquely within Blast

---

[1] The other cases cited by Zepp are *Audatex N. Am. Inc. v. Mitchell Int'l, Inc*., 2014 U.S. Dist. LEXIS 141426, *20-21 (S.D. Cal., Oct. 3, 2014) and *Facedouble, Inc. v. Face.com, Inc*., 2014 U.S. Dist. LEXIS 19245, *6 (S.D. Cal., Feb. 13, 2014).  Those cases are inapposite because they pertain to requests for specific references to source code and Zepp does not seek source code citations.  (Dkt. No. 41 at 9.)

Motion's control.  It must be provided now.  Accordingly, the Court **GRANTS** Zepp's request to compel a further response to Interrogatory No. 17.

### III. Conclusion

For the forgoing reasons, **IT IS ORDERED** that Blast Motion must provide further responses to Zepp's Interrogatory Numbers 16 and 17.

**IT IS SO ORDERED.**

Dated:  March 2, 2016

Hon. Nita L. Stormes
United States Magistrate Judge