UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAST MOTION, INC., a California corporation,<br><br>                        Plaintiff,<br><br>v.<br><br>ZEPP LABS, INC., a Delaware corporation,<br><br>                        Defendant. | Case No.: 15-CV-700 JLS (NLS)<br><br>**ORDER DENYING PLAINTIFF BLAST MOTION, INC.'S RENEWED MOTION TO PRECLUDE EXPERT TESTIMONY**<br><br>(ECF No. 68) |

      Presently before the Court is Plaintiff Blast Motion, Inc.'s Renewed Motion to Preclude Claim Construction Expert Testimony. ("Mot.," ECF No. 68.) Also before the Court are Defendant Zepp Labs, Inc.'s Response in Opposition to, ("Opp'n," ECF No. 75), and Plaintiff's Reply in Support of Plaintiff's Motion, ("Reply," ECF No. 76). The Court vacated the hearing on the matter and took it under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 72.) After considering the parties' arguments and the law, the Court **DENIES** Plaintiff's Renewed Motion to Preclude Expert Testimony.

/ / /

/ / /

/ / /

/ / /

# BACKGROUND

The Court set the following claim construction schedule pursuant to the Court's Scheduling Order, (ECF Nos. 28, 42):

| Action | Due Date |
| --- | --- |
| Exchange List of Proposed Claim Terms | November 16, 2015 |
| Exchange Preliminary Constructions (Patent L.R. 4.1(a)) and Identify Extrinsic Evidence (Patent L.R. 4.1(b)) | November 20, 2015 |
| Exchange Responsive Constructions (Patent L.R. 4.1(c)) and Identify Extrinsic Evidence (Patent L.R. 4.1(d)) | December 11, 2015 |
| Complete and File Joint Claim Construction Chart, Joint Claim Construction Worksheet, Joint Hearing Statement (Patent L.R. 4.2) | December 21, 2015 |
| Close of Claim Construction Discovery | January 25, 2016 |
| Opening Claim Construction Briefs | March 10, 2016 |
| Responsive Claim Construction Briefs | March 24, 2016 |

On November 20, 2015, the parties exchanged Preliminary Claim Constructions and identified extrinsic evidence. (Mot. 5,[1] ECF No. 68-1.) At that juncture, Defendant provided a preliminary list of extrinsic evidence on which it would rely, including that it intended to rely on testimony from its expert, Dr. Steven Nesbit, to support Defendant's claim construction positions. (*Id.*) Defendant also provided the following summary of the substance of Dr. Nesbit's testimony:

> Dr. Nesbit will opine as to the level of understanding of a person of ordinary skill in the art at the relevant time, and how such a person would understand the meaning and scope of the claim terms identified in the charts above. Dr. Nesbit will also opine as to whether any terms

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

> would not have been understood by a person of ordinary skill in the art as of the priority dates of the asserted patents and whether the specification is inadequate or fails to teach one of ordinary skill in the art to make and use the claimed invention.

(Opp'n 7, ECF No. 75 (citing Declaration of Lauren E. Whittemore ("Whittemore Decl."), Ex. A, at 6)).)

On December 11, 2015, the parties exchanged responsive claim construction positions, including their identifications of extrinsic evidence. (Mot. 5, ECF No. 68-1.) In connection with these disclosures, Defendant stated that it intended to use additional testimony from Dr. Nesbit regarding the disputed terms and content of Defendant's asserted patents. (Opp'n 7, ECF No. 75 (citing Whittemore Decl., Ex. B, at 7–8).) That statement read:

> Dr. Nesbit will opine as to the level of understanding of a person of ordinary skill in the art at the relevant time, and how such a person would understand the meaning and scope of the claim terms identified in the charts above. Dr. Nesbit will also opine as to whether the terms would be understandable to a person of ordinary skill in the art as of the priority dates of the '441 Patent and the '610 Patent, respectively, and whether the specification teaches one of ordinary skill in the art to make and use the claimed invention.

(*Id.*)

At no point during these preliminary exchanges did Plaintiff object to the substance of Defendant's above statements. To the contrary, Plaintiff acknowledged Defendant's disclosure and stated that "[w]hile [Plaintiff] does not believe any expert testimony is needed, [Plaintiff] hereby reserves the right to offer rebuttal expert testimony to rebut any [Defendant] expert testimony, to the extent [Plaintiff] finds such rebuttal testimony necessary." (*Id.* (citing Ex. C, at 29).) On December 18, 2015, Plaintiff emailed Defendant disclosing Dr. Kenneth A. Zeger as an expert and stated that "[w]hile [Plaintiff] maintains

the position that expert testimony is not necessary for these claim construction proceedings, [Plaintiff] would reserve the right to use Dr. Zeger for rebuttal expert testimony to the extent [Defendant] intends to introduce any such testimony." (Opp'n 8, ECF No. 75.)

The parties met and conferred to finalize the Joint Claim Construction Worksheet, Sheets and Hearing Statement, which they filed on December 21, 2015. (Mot. 5, ECF No. 68-1.) In the Joint Hearing Statement, Defendant again indicated that it would rely on the expert testimony of Dr. Nesbit in connection with its claim construction positions. (*Id.*) That statement read:

> Zepp proposes to call Dr. Steve Nesbit to provide testimony regarding the understanding of one of ordinary skill in the art as to the meaning of the proposed terms for construction. Dr. Nesbit will testify that based on teachings in U.S. Pat. No. 8,989,441 and knowledge of one of ordinary skill in the art, he understands what the "modules" are as well as the scope of claims including the "module" terms. Dr. Nesbit will also testify that the use of "said data" in U.S. Pat. Nos. 8,944,928, 8,905,855, 8,941,723, and 8,903,521 is indefinite due to a lack of a clear antecedent basis. Specifically, Dr. Nesbit will testify that based on the disclosures in the Blast Motion patents as well as the language of the claims, it would not be clear to one of ordinary skill in the art what "said data" refers to in the claims. Dr. Nesbit will also testify as to the meaning of the terms "avatar" and "virtual reality display/virtual reality system" to one of ordinary skill in the art based on the teachings in the '928 and '855 patents and the statements made during prosecution of those patents. Finally, Dr. Nesbit will also testify that based on the disclosures and knowledge of one of ordinary skill in the art he does not understand the scope of the claims including the term "slow motion display…at normal speed." Zepp reserves the right to call Dr. Nesbit to the stand to provide rebuttal testimony, if required.

(ECF No. 38, at 8–9.)

In a draft prior to filing the Joint Hearing Statement, Plaintiff officially objected to Defendant's use of Dr. Nesbit's testimony on the grounds that the Patent Local Rules require a more substantive disclosure so that Plaintiff could determine if it disputed Dr.

Nesbit's positions and/or whether it needed a rebuttal expert. (Mot. 6, ECF No. 68-1 (citing ECF No. 38, at 9); Opp'n 8–9, ECF No. 75.) Thus, Plaintiff requested that there be no expert testimony at the claim construction hearing and alternatively reserved its right to provide rebuttal expert testimony. (Mot. 6, ECF No. 68-1.) At no point during this time did Defendant supplement its statements regarding Dr. Nesbit's testimony, nor did Defendant provide Plaintiff with Dr. Nesbit's CV. (*Id.*) Claim construction discovery concluded on January 25, 2016. (ECF No. 28.) Plaintiff never issued a notice of deposition or propounded any discovery relating to Dr. Nesbit or his testimony. (Opp'n 9, ECF No. 75.)

On March 21, 2016, Plaintiff filed its original Motion to Preclude Claim Construction Expert Testimony. (ECF No. 56.) The Court denied as moot Plaintiff's original motion after it issued a stay of the case on March 29, 2016. (ECF No. 62.) On October 4, 2016, roughly a month after the Court lifted the stay, (ECF No. 66), Plaintiff filed the instant Renewed Motion to Preclude Claim Construction Expert Testimony. (ECF No. 68.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[2] The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, courts generally disfavor motions to strike "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also State of Cal. ex rel State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Motions

---

[2] Plaintiff characterizes its motion as a motion to strike. (Mot. 4 n.1, ECF No. 68-1.) Accordingly, the Court considers Plaintiff's arguments with this standard in mind.

to strike are often looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes.").

Moreover, the motion "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). Courts should freely grant leave to amend stricken pleadings, unless doing so would prejudice the opposing party. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court," *Neilson*, 290 F. Supp. 2d at 1152, and the court "views the pleadings in the light most favorable to the non-moving party," *id.* "This is particularly true if the moving party demonstrates no resulting prejudice," *id.*, and "[e]xclusion of testimony for failure to make required disclosure should only be imposed if the party seeking exclusion suffered some prejudice." *DR Sys., Inc. v. Eastman Kodak Co.*, No. 08-CV-669-H (BLM), 2009 WL 3756765, at *14 (S.D. Cal. Nov. 9, 2009) (citing *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002)).

## ANALYSIS

Plaintiff moves to preclude Dr. Nesbit's expert declaration in support of Defendant's claim construction positions and any upcoming testimony at the claim construction hearing (collectively, "testimony") either because (1) Defendant failed to timely provide the substance of Dr. Nesbit's testimony, or, in the alternative, (2) Dr. Nesbit's "opinions" are unsupported legal conclusions. (Mot. 14–15, ECF No. 68-1.) The Court considers each argument in turn.

### I. Whether Dr. Nesbit's Testimony Is Procedurally Admissible

Plaintiff argues that Defendant's disclosures of Dr. Nesbit's testimony fail to satisfy Patent Local Rules 4.1 and 4.2, which thus precluded Plaintiff from conducting meaningful discovery of Dr. Nesbit before the end of claim construction discovery. (Mot. 6–9, ECF No. 68-1; Reply 5–10, ECF No. 76.) Defendant argues that its disclosures are sufficient

under the Patent Local Rules, (Opp'n 13–20, ECF No. 75), and, alternatively, that Plaintiff's motion should be denied based on Plaintiff's failure to satisfy the meet and confer requirements of Civil Local Rule 26.1, (*id.* at 10–13).

The Patent Local Rules apply to all civil actions filed in this court which, among other things, allege infringement of a patent. Patent L.R. 1.3. However, the court "may accelerate, extend[,] eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the court's schedule or the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved." *Id.*

In connection with the exchange of their Preliminary and Responsive Claim Constructions, the parties "must also provide a preliminary identification of extrinsic evidence, including . . . testimony of percipient and expert witnesses they contend support their" claim constructions. Patent L.R. 4.1(b), (d). For expert witness testimony, the Patent Local Rules further require that the parties "provide a brief description of the substance of that witness's proposed testimony." *Id.*

With respect to the disclosures in the Joint Hearing Statement filed pursuant to Patent L.R. 4.2(b), parties are again required to "identify any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including . . . testimony of percipient and expert witnesses." The Joint Hearing Statement must further include "[w]hether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identify [sic] of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert . . . ." *Id.* at 4.2(d).

First, the Court finds that Defendant's expert witness disclosures are sufficient under the requirements for filing its Preliminary and Responsive Claim Constructions. The expert disclosures for the Preliminary and Responsive Claim Constructions simply require "a brief description of the substance of that witness's proposed testimony." Patent L.R.

4.1(b), (d). Defendant's disclosure of Dr. Nesbit's testimony satisfies this requirement. Specifically, Defendant's statement (1) identified Dr. Nesbit, (2) notified Plaintiff that Dr. Nesbit would opine as to the level of understanding of a person of ordinary skill in the art at the relevant time as to (3) the meaning and scope of the claim terms during their priority dates, and (4) whether the specification is inadequate or fails to enable the claims. The Court finds that this is an adequate "brief description of the substance" of Dr. Nesbit's testimony.

Equally as important, Plaintiff did not object to these disclosures prior to the filing of the Joint Hearing Statement. To the contrary, Plaintiff acknowledged receipt of these disclosures and simply reserved the right to offer rebuttal expert testimony, which it eventually did, (*see* ECF No. 59-1 (Declaration of Kenneth A. Zeger in Support of Plaintiff Blast Motion's Responsive Claim Construction Brief)). Thus, the Court finds that Plaintiff suffered no prejudice with regard to Defendant's expert disclosures at the Preliminary and Responsive Claim Construction stages. Accordingly, Plaintiff's disclosures satisfy the requirements of Patent Local Rules 4.1(b) and (d).

Second, with regard to Defendant's expert disclosure submitted in conjunction with the parties' Joint Hearing Statement, the Court declines to assess whether its disclosure satisfies Patent Local Rule 4.2(d) because the Court concludes that Plaintiff failed to satisfy its meet and confer obligations pursuant to Civil Local Rule 26.1.[3] (Opp'n 10–13, ECF No. 75.)

This is a discovery and disclosure dispute that triggers, among others, Federal Rule of Civil Procedure 37 and Civil Local Rule 26.1. *See Pulse Eng'g, Inc. v. Mascon, Inc.*, No. 08CV0595JM(AJB), 2009 WL 250058, at *3 (S.D. Cal. Feb. 3, 2009). Yet Plaintiff fails to convince the Court that it satisfied its Civil Local Rule 26.1 obligations with respect

---

[3] In so concluding, the Court agrees with Plaintiff that the "Southern District of California Patent Local Rules were created to avoid sandbagging the party with less information," (Mot. 9, ECF No. 68-1), but the Court reminds Plaintiff—and others—that other Rules, including Civil Local Rule 26.1, similarly exist to avoid sandbagging the other party with less information (e.g., filing a motion to preclude without first notifying the party or even attempting to meet and confer).

to Defendant's expert testimony disclosures. For one, Plaintiff's objection to Defendant's disclosure occurred in a draft of the Joint Hearing Statement a few hours before it was filed. This would be less concerning if Plaintiff thereafter sought to meet and confer with Defendant regarding the disclosure. But Plaintiff apparently did not even attempt to meet and confer with Defendant to remedy the issue before bringing a motion to this Court. (Opp'n 12, ECF No. 75.) Nor did Plaintiff submit a certificate of compliance upon filing either its original or its renewed motion pursuant to Civil Local Rule 26.1(b).[4] Instead, Plaintiff chose not to conduct any claim construction discovery related to Defendant's expert and filed its original Motion to Preclude on March 21, 2016, roughly two weeks after the parties exchanged their opening claim construction briefs and a few days before responsive briefs were due. (*Id.* (citing ECF Nos. 42, 48, 49, 56).)

Plaintiff responds that the "purpose of the meet and confer obligations under Civil Local Rule 26.1 is to determine whether the parties may resolve the issues without resorting to motion practice." (Reply 13, ECF No. 76.) Thus, Plaintiff argues, it satisfied its obligations "as soon as it realized that [Defendant] would not provide an adequate 'summary of opinions to permit a meaningful deposition,'" which, apparently, was after Plaintiff objected to Defendant's disclosure in the Joint Hearing Statement and Defendant responded that it believed its disclosure satisfied the Patent Local Rules.[5] (*Id.*)

The Court is not convinced. That certainly is *a* purpose of Civil Local Rule 26.1. But the Rule also exists to give the party notice of and an opportunity to cure any alleged deficiency *before* the moving party, as Plaintiff puts it, "resort[s] to motion practice." Here, Plaintiff certainly documented its objection to Defendant's expert disclosures, but there is no indication that Plaintiff notified Defendant of its intention to file its motion to preclude, much less any evidence that Plaintiff sought to meet and confer pursuant to Civil Local

---

[4] Plaintiff admits as much. (Reply 14 n.3, ECF No. 76.)

[5] These electronic communications are separately insufficient under Civil Rule 26.1(a) because "[u]nder no circumstances may the parties satisfy the meet and confer requirement by exchanging written correspondence."

Rule 26.1 in order to resolve this issue before filing the instant motion. Without more, Defendant was left suspended in a world of infinite possibilities—including one where perhaps Plaintiff's objection would remain just that, or one where Plaintiff would file a motion to preclude without first seeking to meet and confer, months after the close of claim construction discovery. Then the latter happened. The Court will not reward such tactics. Accordingly, because Plaintiff failed to make an effort to meet and confer—much less a good faith effort[6]—regarding its concerns over Defendant's expert disclosures, the Court **DENIES** Plaintiff's Amended Motion to Preclude Expert Testimony based on its procedural arguments.[7] *Cf. GameTek LLC v. Facebook, Inc.*, No. 12-CV-501 BEN RBB, 2013 WL 1412195, at *2 (S.D. Cal. Apr. 8, 2013) (emphasis removed) ("Big Viking Games does not assert that it requested the required meet and confer, nor does it otherwise address this argument by GameTek. Because Big Viking Games was obligated to make a good faith effort to meet and confer to resolve this dispute before bringing the present motion, Big Viking Games' Motion to Strike Undisclosed Construction and Extrinsic Evidence is DENIED.").

## II. Whether Dr. Nesbit's Testimony Is Substantively Admissible

Plaintiff also argues that Dr. Nesbit's testimony should be precluded because he sets

---

[6] As above, the Court separately denies Plaintiff's motion on the grounds that whatever prejudice it claims to have suffered was largely self-inflicted. To illustrate, Plaintiff argues that the Court should grant its motion, in part, because Defendant did not provide Dr. Nesbit's CV. (Mot. 6, ECF No. 68-1.) However, Plaintiff provides no authority demonstrating that Defendant was required to provide Dr. Nesbit's CV. More importantly, if Plaintiff was so concerned over this lack of information, it should have asked for it. Indeed, Defendant notes that "had [Plaintiff] requested Dr. Nesbit's CV during the claim construction discovery period, [Defendant] would have willingly produced it." (Opp'n 16, ECF No. 75).

[7] Plaintiff argues that it made a good faith effort to meet and confer regarding its Renewed Motion to Preclude on September 20 and September 30, 2016. (Reply 14–15, ECF No. 76.) While the Court appreciates Plaintiff's renewed compliance with Civil Local Rule 26.1, this does not, as Plaintiff suggests, "fully satisfy[] its obligations under Civil Local Rule 26.1" as to its renewed motion. (Reply 14 n.3, ECF No. 76.) That is because the core dispute between the parties—including their alleged respective failures to abide by certain local rules—took place prior to Plaintiff filing its original motion to preclude. In other words, Plaintiff's recent meet and confer does not change the fact that Plaintiff failed to do so at a time where it would have had a more significant impact: namely, when the doors of expert claim construction discovery were wide open, yet ignored.

forth improper legal conclusions and only advances conclusory, irrelevant opinions. (Mot. 10–15, ECF No. 68-1; Reply 10–13, ECF No. 76). Defendant counters that Dr. Nesbit's testimony is proper and can be helpful to the Court in construing the disputed terms of the parties' patents. (Opp'n 20–27, ECF No. 78.)

The Court declines, at this juncture, to strike or otherwise preclude Dr. Nesbit's testimony under Plaintiff's substantive arguments for inadmissibility. As Plaintiff acknowledges, even if Dr. Nesbit's opinions are legal in nature, "courts enjoy complete discretion in expert testimony and may opt to 'adopt the expert's legal opinion as [the court's] own, to find guidance from it, or to ignore it entirely, or even to exclude it.'" (Reply 13, ECF No. 76 (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995)).) Instead, the Court will consider the totality of Dr. Nesbit's testimony in construing the disputed claims and will accord it the weight the Court finds it deserves, which is consistent with Plaintiff's alternate request that "Dr. Nesbit's conclusory, unsupported testimony be accorded no weight," (*id.*). *See, e.g.*, *Applied Signal Tech., Inc. v. Emerging Markets Commc'ns, Inc.*, No. C-09-2180-SBA, 2011 WL 500786, at *3 (N.D. Cal. Feb. 9, 2011) (citation omitted) ("The Court may hear all relevant testimony—including expert testimony—so long as it does not accord weight to expert testimony which contradicts the clear language of the claim."). To that end, the Court is mindful of the parties' competing arguments regarding the substantive admissibility and usefulness of Dr. Nesbit's testimony, and the Court will consider these arguments—and others, including Plaintiff's rebuttal expert testimony—while construing the parties' disputed terms.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Renewed Motion to Preclude Expert Testimony. (ECF No. 68.)

**IT IS SO ORDERED.**

Dated: December 16, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge